UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 01-311

JAMES HAYES                                 SECTION: "J"


                          **ORDER AND REASONS**

     Before the Court is Petitioner's Motion for Reconsideration of
Denial of § 2255 Motion and for Appointment of Counsel and
Incorporated Memorandum.  The motion is opposed by the government.
In response to Petitioner's request for appointment of counsel, on
June 1, 2005 the Court appointed Virginia Schleuter, through the
Federal Public Defender's Office, to represent Petitioner.  After
considering the motion for reconsideration, opposition, reply
memorandum and the applicable law, the Court finds that
Petitioner's motion should be GRANTED.

**BACKGROUND**

On April 23, 2002, James Hayes ("Petitioner") was convicted by a jury of (1) conspiracy to distribute more than fifty grams of crack cocaine and (2) distribution of more than five grams but less than fifty grams of crack cocaine.  Following the jury's conviction, Petitioner moved for a judgment of acquittal, which was denied.  At no time before or during Petitioner's sentencing did his counsel raise an objection to the career offender status as provided in the presentence investigation report.  On July 31, 2002, Petitioner was sentenced as a career offender to 360 months on each count to run concurrently, and on August 1, 2002, Petitioner filed a notice of appeal.

On appeal, now represented by a different attorney, Petitioner raised three arguments: (1) that this court erred in holding that he was a career offender under § 4B1.1 of the Sentencing Guidelines; (2) there was insufficient evidence to convict him for conspiracy to distribute more than fifty grams of crack cocaine; and (3) this court abused its discretion in admitting evidence of the July 26, 2001 cocaine sale.  The Fifth Circuit found that Petitioner was a career offender, but that the evidence did not support the jury's finding that he participated in the July 26, 2001 transaction.  Accordingly, the appellate court affirmed Petitioner's sentence in part, reversed and vacated in part, and remanded the matter for re-sentencing.  On

remand, this Court re-sentenced Petitioner as a career offender to 360 months imprisonment for distributing more than five but less than fifty grams of cocaine base.

On February 14, 2005, Petitioner, *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 for habeas corpus relief, in which he alleged six grounds for relief.  Petitioner's request was denied on May 2, 2005.  Subsequently, counsel was appointed to represent Petitioner and Petitioner filed a motion for reconsideration.  The sole issue raised by Petitioner in his motion for reconsideration is whether his trial counsel's failure to object to the career offender enhancement at the original sentencing prejudiced Petitioner and resulted in a longer sentence than Petitioner would have received had the objection been made.

### LAW

Although the Federal Rules do not contain a specific procedural vehicle for a motion for reconsideration, such motions are considered under Rule 59 (when filed within ten days of the rendition of judgment) or Rule 60 (when filed ten days after the final judgment is rendered).  In this case, the motion was filed within ten days of issuance of judgment.  Therefore, the motion will be considered under Rule 59.

The Fifth Circuit has provided three basic grounds upon which a Rule 59 motion may be granted: "(1) an intervening change

in controlling law; (2) the availability of new evidence not

previously available; or (3) the need to correct a clear error of

law or prevent manifest injustice."[1]  However, a Rule 59 motion

may not be used to re-litigate old matters or raise new

arguments.[2]

     To succeed on a claim for ineffective assistance of counsel,

a Petitioner must show: (1) his counsel's performance was

deficient, and (2) his counsel's deficient performance prejudiced

his defense.[3]  Ineffectiveness of counsel is a mixed question of

law and fact.[4]  "The proper standard for judging attorney

performance is that of reasonably effective assistance," while

considering all the circumstances.[5]  "Judicial scrutiny of

counsel's performance must be highly deferential.  It is all too

tempting for a defendant to second-guess counsel's assistance

after conviction or adverse sentence, and it is all too easy for

a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of

---

[1] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

[2] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[4] *Id.* at 698; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).

[5] *Strickland*, 466 U.S. at 687.

counsel was unreasonable."[6]  The Supreme Court has explained that "the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound ... strategy."[7]  To establish that counsel's error is prejudicial, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]  Notably, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[9]

To establish prejudice relating to errors affecting sentencing, the prejudice prong is satisfied "when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing ... which would not have occurred but for counsel's error."[10]  Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel.[11]

---

[6] *Id.* at 689.

[7] *Id.*

[8] *Id.* at 694.

[9] *Id.*

[10] *U.S. v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000)(citation omitted).

[11] *Strickland*, 966 U.S. at 695.

## DISCUSSION

In his motion for reconsideration, Petitioner argues that he had ineffective assistance of counsel at sentencing, and had his attorney objected to the career offender enhancement, Petitioner would have received a lesser sentence.  To support this argument, Petitioner points to the Court's statement made during the March 31, 2004 Re-Sentencing hearing:

> [W]hat I would like to do is state for the record ... that if this same evidence and objection had been made at the original sentencing hearing on behalf of Mr. Hayes at that time, I would have not applied the career offender status to this defendant, because I believe that as a matter of fact under the circumstances of this particular case after hearing all of the evidence that there was a so-called functional consolidation of these three cases.[12]

In its opposition, the government argues that the Fifth Circuit directly addressed the issue of whether a "functional consolidation" occurred.  Specifically, the appellate court stated:

> Hayes' prior felony offenses were under separate docket numbers and there is no factual relationship between the offenses – one is for cocaine distribution and the others are for armed robbery and being an accessory after the fact to purse snatching. ... Thus, Hayes' prior felony convictions were clearly not related, rather they were consolidated for sentencing purposes only.  The district court did not plainly err in finding Hayes to be a career

---

[12] Motion for Reconsideration, March 31, 2004 Hearing Transcript, pp.9-10 (Rec. Doc. 117).

offender under § 4B1.1 [of the Sentencing Guidelines].[13]

Although the Fifth Circuit explained in its August 6, 2003

opinion that, based on the record before it, the district court

did not err in finding Hayes to be a career offender under the

Sentencing Guidelines, the appellate court could only consider

(and only had before it) the evidence presented on direct appeal.

There was no evidence in the record on this specific issue.

As stated above, during the re-sentencing hearing on March

31, 2004 this court made a factual finding that a functional

consolidation occurred.  The court based its finding on the

unrebutted testimony of Reginald McIntyre ("McIntyre"), the Chief

Public Defender for the 21st Judicial District Court, who

explained that based on his customary practice and personal

knowledge of the details and facts of this case, an effective

functional consolidation occurred.  Specifically, at the hearing

conducted on March 10, 2004, McIntyre stated:

> At the plea bargain time, or the time when they were
> ready to either try the case or they had the pre-trial
> conference, they were all put together and handled as one
> sentencing.
>
> In other words, it would be just one sentencing for
> all three of the acts, all three of the cases.
>
> ...
>
> The procedure in my office is run this way.  All
> counts are put together at the time the plea bargain is

---

[13] *United States v. Hayes*, 342 F.3d 385, 388-89 (5th Cir.
2003).

made.

> The plea bargain in this case, which I have done hundreds of these similar cases and I would have done the same thing in this case, ... it was reduced to 20 years because ... the maximum penalty in purse snatching is 20 years.  That's why they came back.  And I have done that too.  I have done that many many times in cases where the assistant district attorney would come to you and say, look, we're interested in this case but we will put these others in whether they can prove the others or not.
>
> They are going to put them altogether to get them off their docket and to get them out of the way of another proceeding later on.  They just put them altogether as a plea bargain.  So in practicality they are consolidated at that time.[14]

McIntyre explained that the bargained for sentence was a twenty year concurrent sentence, and the defendant was to serve five of the twenty years.[15]  McIntyre testified that when the case was resolved through the plea bargain, it would be considered as one case.[16]  Further, there was no intervening arrest and the only reason why the cases were not consolidated under a single case number was because of the office's statistical procedures.  After considering the totality of evidence as required in *Strickland*, it is clear to this court as the fact finder, that a functional consolidation occurred.  Therefore, for the reasons stated above, the career offender enhancement should not have been applied.

---

[14] Motion for Reconsideration, March 10, 2004 Hearing Transcript, pp.11, 12-13 (Rec. Doc. 117).

[15] Motion for Reconsideration, March 10, 2004 Hearing Transcript, p.14 (Rec. Doc. 117).

[16] Motion for Reconsideration, March 10, 2004 Hearing Transcript, p.18 (Rec. Doc. 117).

Regardless of what the Fifth Circuit said on direct appeal, this court would have imposed a different and lesser sentence if defense counsel had raised a proper objection prior to or at the original sentencing hearing.  Petitioner has established that his counsel's deficient performance prejudiced Petitioner and resulted in a demonstrable enhancement in his sentence. Accordingly,

**IT IS ORDERED** that **Petitioner's Motion for Reconsideration of Denial of § 2255 Motion** (Rec. Doc. 117) should be and hereby is **GRANTED;**

**IT IS FURTHER ORDERED** that this matter should be and hereby is set for **re-sentencing on November 30, 2005 at 1:30 p.m.**

New Orleans, Louisiana this the 24th day of August, 2005.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9