UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 01-311

JAMES HAYES                                 SECTION: "J"

**ORDER AND REASONS**

Before the Court is the objection of the United States that Petitioner's Title 28, United States Code, section 2255 motion was not timely filed with respect to Count 2 of his conviction. After reviewing the record, the memoranda of counsel, and the relevant case law, the Court finds that Petitioner's motion was timely.

**BACKGROUND**

On April 23, 2002, James Hayes ("Petitioner") was convicted by a jury of (1) conspiracy to distribute more than fifty grams of crack cocaine and (2) distribution of more than five grams but less than fifty grams of crack cocaine. (Rec. Doc. 49). Following the jury's conviction, Petitioner moved for a judgment of acquittal, which was denied. (Rec. Doc. 52).  On July 31, 2002,

Petitioner was sentenced to 360 months on each count to run concurrently, and on August 1, 2002, Petitioner filed a notice of appeal. (Rec. Docs. 64 and 65). Petitioner's conviction and sentence on Count 2 was affirmed on August 6, 2003, but the case was remanded to this Court for re-sentencing as to Count 1. (Rec. Doc. 77). On March 31, 2004, this Court re-sentenced Petitioner as to Count 1. (Rec. Doc. 95). On April 5, 2004, Petitioner filed a notice of appeal from this ruling (Rec. Doc. 96), which he later moved to dismiss. (Rec. Doc. 105).

On February 14, 2005, Petitioner filed a section 2255 motion to vacate his sentence, claiming ineffective assistance of counsel. (Rec. Doc. 107). The Court first denied (Rec. Doc. 114) and then, upon reonsideration, ultimately granted the motion to vacate, finding that Petitioner was not a career offender. (Rec. Doc. 123). On February 15, 2006, the Court held a hearing to re-sentence Petitioner in light of this finding. At the hearing the Court indicated that it was re-sentencing Petitioner as to both Count 1 and Count 2. Counsel for the United States objected that Petitioner's section 2255 motion was untimely as to Count 2, and that the sentence as to Count 2 should not be affected. The Court continued the re-sentencing and ordered counsel for both parties to brief the issue.

## DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty

Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, section 2255 motions must be filed within a year from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255 ¶ 6(1).

Petitioner argues that his judgment became final as to both counts, for purposes of the AEDPA's one-year limitations period, following the period to appeal the Court's amended sentence entered on April 7, 2004. Therefore, Petitioner argues, his February 14, 2005 motion was timely as to both counts. Petitioner relies on several Courts of Appeals' decisions finding that multiple count convictions all become final on the same date in one judgment, even where less than all of the convictions are remanded for amendment or resentencing.[1]

The United States argues that the judgment became final as to Count 2 after the ninety day period passed to seek appeal of the Fifth Circuit's August 6, 2003 affirmation of Count 2's sentence. The fact that the sentence for Count 1 was not yet final is irrelevant to Count 2's limitations period according to the United States. Based on this view, the United States argues that the Petitioner had until November 6, 2004 to file a section 2255 motion as to Count 2, and Petitioner's February 14, 2005

---

[1] *See United States v. Dodson*, 291 F.3d 268 (4th Cir. 2002); *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000); *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005); *Majaraj v. Secretary for the Dept. of Corrections*, 304 F.3d 1345 (11th Cir. 2002); *United States v. Camacho*, 370 F.3d 303 (2d Cir. 2004).

petition was untimely. The United States cites *United States v. Wilson*, 256 F.3d 217 (4th Cir. 2001), in support of this argument.

Petitioner correctly replies that in *United States v. Dodson*, 291 F.3d 268 (4th Cir. 2002), the Fourth Circuit clarifies the limited nature of *Wilson's* holding. *Wilson* held that a remand for ministerial purposes does not toll the period for filing a habeas petition, because the defendant would have no legitimate grounds for direct appeal of the district court's disposition according to the court of appeals' mandate. The remand for re-sentencing as to Count 1, at issue in this case, was not a ministerial remand, so *Wilson's* reasoning is not persuasive.

Counsel have not cited nor has the Court found a Fifth Circuit opinion directly on point. However, the Court finds persuasive the reasoning of the other circuits that have squarely considered the matter, as well as the reasoning behind the longstanding "final judgment rule" applicable to direct appeals. Treating each count in a multi-count indictment as amenable to a separate final judgment would subject the courts to duplicative serial habeas petitions by giving "prisoners strong incentive to bring parallel proceedings, wasting judicial resources and generating needlessly complex issues for litigation." *Dodson*, 291 F.3d at 274. As with direct appeals, the judgment for habeas

purposes "should be final not only as to all parties, but as to the whole subject matter and as to all causes of action involved." *Collins v. Miller*, 252 U.S. 364, 370 (1920). In Petitioner's case, the judgment was not final for either Count 1 or Count 2 until April 7, 2004, following his resentence on remand. Therefore, his February 14, 2005 section 2255 motion was timely as to both Count 1 and Count 2.

Accordingly,

**IT IS ORDERED** that the United States' objections to the resentencing of Petitioner, James Hayes, as to Count 2 are **OVERRULED**.

New Orleans, Louisiana this the 13th day of March, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5